UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAZEN PAPER COMPANY, a Massachusetts Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: ) |
| MICROSOFT CORPORATION, a Washington Corporation, | ) ) ) |
| Defendant. | ) ) ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Hazen Paper Company (hereinafter "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Microsoft Corporation (hereinafter "Defendant") states the following.  Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. Sec. 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. Sec. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1332(a) (diversity of citizenship) and

1

pendant jurisdiction. The amount in question herein exceeds $75,000. This Court has personal jurisdiction over Defendant (a) who has committed intentional and tortious acts within the state; (b) who has conducted substantial business within this state related to the unlawful activity at issue in this Complaint; (c) who resides and has offices within the state; and (d) due to the continuous and systematic activities of Defendant within the state. Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and (c).

## II. NATURE OF THE ACTION

2. This civil action sets forth claims for unfair competition and trademark infringement under the Trademark Laws of the United States as amended (the Lanham Act, 15 U.S.C. Sec. 1051 et seq.); false designation of origin under the Trademark Laws of the United States as amended, Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a); unfair competition under common law; and for unfair methods of competition under Massachusetts General Laws, Title XV, Chapter 93(a).

## III. THE PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has a principal place of business at 240 South Water Street, Holyoke, Massachusetts 01041.

4.      On information and belief, Defendant is a corporation organized and existing under the laws of the State of Washington and has a principal place of business at One Microsoft Way, Redmond, WA 98052-6399.  Defendant is a well known international company and manufacturer of software, computer hardware and related goods, and markets such goods to residents of the United States and the Commonwealth of Massachusetts.

### IV.     FACTUAL BACKGROUND

5.      Plaintiff is a renown manufacturer and seller of various products and services including holographic images and patterns, and holographic imaging and printing services, including specialty paper products for the recording of holographic images, through itself, and its affiliates throughout the United States and Internationally via its website at [www.hazen.com](www.hazen.com), a copy of which is attached as Exhibit A.

6.      Plaintiff has been in existence since 1925 in the field of specialty paper products and design printing services, and for at least the past 15 years has lead the worldwide holographic industry in technological innovations in the design, creation and printing of three dimensional patterns.  Plaintiff's innovative approach to the design and production of holographic images is globally recognized, with Plaintiff counting some of the world's most innovative Fortune 500 companies as clients.

7.      Due to Plaintiff's innovations within the field of holography, including technological improvements in holographic design and printing, Plaintiff is one of the few remaining and successful specialty manufacturers in the Northeast United States.

8.      Plaintiff's activity and development in the field of holographic imaging is well known and respected within the relevant industry, winning Plaintiff many awards over the years for their holographic designs and printing abilities (*See*, attached Exhibits B and C).

9.      Plaintiff is the owner of several nationally recognized, federally registered trade and service marks including "Holo-Lens", United States Trademark Registration No. 4,276,092, in International Class 16 for "recyclable holographic and non-holographic paperboard having a metallic coating", registered on January 15, 2013 with a date of first use in commerce of November 1, 2009 (copy attached as Exhibit D).

10.     The foregoing registration is *prima facia* evidence of Plaintiff's ownership and exclusive right to use the trademarks within the holographic industry, generally.

11.     Plaintiff has several other pending "Holo-Lens" trademark applications based upon use of the mark since at least November 1, 2009, in connection with "holographic images and designs" in International Class 16, as well as for "three-dimensional printing services, namely the design, manufacture and printing of holographic images

and designs" in International Class 40 (copies attached as Exhibits E and F, respectively).

12.     Since on or about November 1, 2009, Plaintiff has continuously used its Holo-Lens mark in connection with and to identify its holographic products, services, designs and paperboard, and to distinguish them from similar products and services offered for sale and sold by other companies by, and without limitation, prominently displaying the Holo-Lens mark on its products and advertising and promotional materials distributed throughout the United States.

13.     Plaintiff has given actual notice to Defendant of Plaintiff's use of the 'Holo-Lens' mark by virtue of Marketing letters sent directly to Defendant, beginning on or about November 1, 2009, including in April of 2010 and in May of 2011.  These marketing letters included samples of Plaintiff's proprietary holographic designs and patterns marked with Plaintiff's Holo-Lens mark, accompanied by a cover letter announcing the attached "Holo-Lens ™ … Comp Sheets", an example of which is attached as Exhibit G.

14.     As of the date of filing of this Complaint, Plaintiff is actively engaged in expanding its use of the Holo-Lens mark in connection with holographic products and services in interstate commerce throughout the United States.

15.     Defendant operates a website at www.hololens.com (redirecting such traffic to http://www.microsoft.com/microsoft-hololens/en-us) through which the Defendant sells and promotes, *inter alia*, holographic imaging products under the "HoloLens" mark.  A relevant portion of the Defendant's website is attached as Exhibit H.

16.     On information and belief, Defendant began using the trademark "HoloLens" for holographic imaging products on or about January 2015 in connection with the marketing and sale of holographic imaging products.

17.     Defendant's mark "HoloLens" is confusingly similar to Plaintiff's registered trademark "Holo-Lens" and is likely to cause confusion amongst the holographic and printing industry's likely consuming public.

18.     Defendant was directly informed and had actual knowledge of Plaintiff's use of its Holo-Lens mark within the holographic industry, years before misappropriating Plaintiff's mark, at least by virtue of multiple marketing letters sent by Plaintiff to Defendant beginning on or about November 1, 2009, including in April of 2010 and May of 2011.

19.     On information and belief, Defendant's products bearing the infringing mark have been and are currently being promoted and marketed nationally and internationally, including to residents of the Commonwealth of Massachusetts, at least through Defendant's internet website ([www.hololens.com](www.hololens.com)).

20.     Despite having actual knowledge of Plaintiff's use of the mark 'Holo-Lens' within the holographic industry since at least 2009, Defendants have not only misappropriated Plaintiff's mark, but have now also filed a new trademark application with the United States Trademark Office, also for the mark '"Hololens".  Through this new application, Defendant now compounds its initial intentional and willful infringement of Plaintiff's mark by explicitly reciting and laying claim to one of Plaintiff's main commercial activities – "3D printing services" – within Defendant's new application.  (*See*, attached Exhibit I).

21.     Indeed, to date and since on or about January 2015, Plaintiff has received multiple inquires from members of the holographic industry and related media questioning the nature and existence of any relationship between Plaintiff and Defendant, and their goods.

22.     On February 26, 2015, a cease and desist letter was mailed, via Certified Mail, to the Defendant, demanding that the Defendant discontinue use of the mark "HoloLens."

## V.     COUNT ONE - TRADEMARK INFRINGEMENT (15 U.S.C. Sec. 1051)

23.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.     Defendant has infringed Plaintiff's Holo-Lens mark (Registration No. 4,276,092) in interstate commerce by various acts, including, without limitation, the offering for sale, selling, promoting and advertising holographic products, specifically a holographic imaging device, under the name "HoloLens".  Moreover, Defendant's use of "HoloLens" in connection with its holographic products is without permission and authority of the Plaintiff and said use is likely to cause confusion, mistake and or to deceive.

25.     Defendant's use of "HoloLens" in connection with its holographic products has been made notwithstanding Plaintiff's well-known and prior established rights in the Holo-Lens mark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

26.     On information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's reputation and good will in its federally registered trademark. Plaintiff has no adequate remedy at law.

27.     Defendant's actions are willful and without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and or to deceive.

### VI.     COUNT TWO - UNFAIR COMPETITION (15 U.S.C. Sec. 1125(a))

28.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Defendant has committed unfair competition under Section 43(a) of the Lanham Act by various acts including, without limitation, offering for sale, selling, promoting and advertising holographic products under the name "HoloLens" wherein the products of the Defendant are similar to those of the Plaintiff, and are offered through the same channels of trade and to the same members of the consuming public as those of the Plaintiff.

30.     In view of Defendant's full and previous knowledge of Plaintiff's Holo-Lens mark and goods, Defendant's adoption of its mark to identify its goods is willful and without permission or authority of the Plaintiff and is likely to cause confusion, to cause mistake and or to deceive.

31.     These acts of unfair competition by Defendant have caused and are continuing to cause Plaintiff great and incalculable damage.  Unless this Court restrains the Defendant from its unfair trade practices, Plaintiff will suffer irreparable injury and harm for which it has no adequate remedy at law.

### VII.    COUNT THREE - FALSE DESIGNATION OF ORIGIN (15 U.S.C. Sec. 1125(a))

32.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     Upon information and belief, Defendant has used the trademark "HoloLens" in connection with holographic products in interstate commerce.  Said use of the trademark "HoloLens" is a false designation of origin, a false or misleading description and representation of fact that is likely to cause confusion and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products as commercial activities of the Plaintiff.

34.     Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its Holo-Lens mark, and its other unregistered trademarks.  Plaintiff has no adequate remedy at law.

## VIII.   COUNT FIVE - UNFAIR METHODS OF COMPETITION

### (Mass. Gen. Laws, Title XV, Ch. 93A)

35.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 34 above.

36.     By virtue of Defendant's unfair competition, infringement of Plaintiff's Holo-Lens mark and false designations of origin, Defendant has violated the Massachusetts General Laws, Chapter XV, Section 93(a) for Unfair Methods of Competition.

37.     The unfair trade practices by the Defendant have caused and are continuing to cause Plaintiff great and incalculable damage.  Unless this Court restrains the Defendant from its unfair trade practices, the Plaintiff will suffer irreparable injury and harm for which it has no adequate remedy at law.

## IX.     RELIEF REQUESTED

WHEREFORE, Plaintiff prays that:

1.      Defendant, its agents, servants, employees and all persons acting under its permission and authority, be enjoined and restrained from:

      (A)    committing unfair competition through the use of Plaintiff's Holo-Lens mark;

      (B)    infringing Plaintiff's federally registered Holo-Lens mark by using "HoloLens" on similar products;

      (C)    falsely designating the origin of its holographic products by applying Plaintiff's registered Holo-Lens mark to containers, packaging and other promotional materials for the Defendant's goods;

      (D)    violating state unfair methods of competition laws.

2.    Defendant be ordered to account to Plaintiff for Defendant's profits and the actual damages suffered by the Plaintiff and that the Defendant pay damages pursuant to applicable law for:

      (A)    committing unfair trade practices;

      (B)    infringing Plaintiff's trademarks;

      (C)    misrepresenting the source or origin of the Defendant's goods;

      (D)    committing unfair methods of competition by using Plaintiff's Holo-Lens mark in conjunction with Defendant's products.

3.    Plaintiff's award be trebled on account of the Defendant's willful and intentional conduct.

4.    Defendant be ordered to pay Plaintiff's costs and reasonable attorney's fees.

5. Defendant be directed to use its best efforts to recall from the trade and other third parties any and all infringing products and any marketing, advertising and promotional materials used in connection therewith.

6. Defendant be directed to rehabilitate Plaintiff's Holo-Lens mark within print, internet and other media, thereby reestablishing Defendant as the proper owner of the mark in the minds of the consuming public.

7. Plaintiff be granted further relief as the Court sees just.

The Plaintiff respectfully demands a jury trial on all issues so triable.

                                              Respectfully submitted,

                                              Hazen Paper Company
                                              By Their Attorney

Date: February 26, 2015                /s/ J. Kevin Grogan
                                              J. Kevin Grogan, Esq.
                                                   BBO No. 635,089
                                              Kevin H. Vanderleeden, Esq.
                                                   BBO No. 649,361
                                              McCormick, Paulding & Huber LLP
                                              1350 Main Street, 5th Floor – Suite 508
                                              Springfield, Massachusetts 01103
                                              Tel. (413) 736-5401
                                              Fax (413) 733-4543